## LUCAS v PALM BEACH EYE GROUP, et al.
### Case No. MS-89-4262-RB
County Court, Palm Beach County
July 27, 1989

### APPEARANCES OF COUNSEL

**Kathleen S. Lucas,** pro se.
**Rodney G. Romano,** for defendants.

### OPINION OF THE COURT

HOWARD C. BERMAN, County Judge.

*FINAL JUDGMENT FOR PLAINTIFF*

THIS CAUSE came before the Court for Final Hearing (non-jury trial) on July 6, 1989. Plaintiff was present and presented evidence and testimony. The defendant was present and represented by counsel.

Plaintiff was employed by the defendant for approximately fifteen (15) years as office manager, overseeing the day-to-day operations of the defendants' office. Plaintiff also was responsible for editing and writing the defendants' policy manual for the office. In February 1988, plaintiff was terminated from the employment by the defendant. Plaintiff alleges that when told of her termination by defendants, there was a discussion in reference to two to four weeks severance pay as well as payment for all accrued vacation time. Pursuant to the policy

manual, plaintiff requested another hearing however that hearing was cancelled by the defendant and plaintiff was paid four weeks severance pay. Based on the office manual, plaintiff receives four weeks vacation per year because of over ten years of employment. Plaintiff is suing for accrued vacation for 1988 due to jurisdictional limits of Small Claims Court.

Plaintiff presented voluminous records concerning other employees and the method of payment for vacation pay. In addition, a former employee of the defendant testified that in the third week of January of 1984, she left the employment due to medical reasons. The defendant paid her three (3) weeks vacation pay in addition to her salary.

Although an employment contract for an indefinite term is presumed to be terminable at will, that presumption, like any other presumption, is rebuttable by contrary evidence. See restatement (Second) of Agency section 442. Many courts have interpreted an employment contract by finding in it implied terms that limit the employers right of discharge. Two types of implied contract terms have been recognized by the courts: implied-in-law terms and implied-in-fact terms. A contract implied-in-law ("quasi contract") is one created by the law without regard to the parties' expressions of assent by either words or acts. 1 Corbin on Contracts § 19 (1960).

An implied-in-fact contract term, on the other hand, is one that is inferred from the statements or conduct of the parties. 1 Corbin on Contracts § 17 (1960). It is not a promise defined by the law, but one made by the parties, though not expressly. Courts have found such terms in an employers policy statements regarding such things as job security and employee disciplinary procedures, holding that by conduct of the parties, these statements may become part of the contract, supplementing the verbalized at-will agreement, and thus limiting the employers absolute right to discharge an at-will employee. *Wagenseller v Scottsdale Memorial Hospital,* 710 P.2d 1025 (Ariz. 1985).

The plaintiff bases her argument on the provisions contained in the policy manual which she authored and which was adopted by the defendant. The policy manual was provided to the employees and each employee signed stating that they understand the provisions and that the manual constitutes the personnel policies of the defendant's practice. It is obvious that employers are certainly free to issue no personnel manual at all or to issue a personnel manual that clearly and conspicuously tells their employees that the manual is not part of the employment contract and that their jobs are terminable at the will of the employer with or without reason. However, if an employer does

134

choose to issue a policy statement, any manual or otherwise, and, by its language or by the employers' actions, encourages reliance thereon, the employer cannot be free to only selectively abide by it. Having announced a policy, the employer may not treat is as illusory. *Leikvold v Valley View Community Hospital,* 688 P.2d 170 (1984); *Lurton v Muldon Mortar Company,* 523 So.2d 706 (Fla. 1st DCA 1988). The Court finds that the defendant relied on the policy manual and treated the employees pursuant to the provisions in the manual.

Based on the facts and evidence presented, as well as the conduct of the defendant in relation to awarding accrued vacation pay to other employees after their leaving the employ of the defendant, the Court finds that the plaintiff is entitled to accrued vacation pay. The Court further finds that the four (4) weeks severance check did not include vacation pay as stated by the defendant in his affidavit which was submitted to the Court and which was self-serving and after the fact. Accordingly, it is

ORDERED AND ADJUDGED that plaintiff, KATHLEEN S. LUCAS, do have and recover from defendant, PALM BEACH EYE GROUP, REGINALD J. STAMBAUGH, M.D., P.A., the principal sum of $2,499.99 plus court costs of $65.00 for the total sum of $2,564.99 for all of which let execution issue. This judgment shall bear interest at the rate of 12% per annum.

DONE AND ORDERED in West Palm Beach, Palm Beach County, Florida this 27th day of July, 1989.